Opinion by
Willson, J.
§ 243. Answer; waives defects in citation, etc. An answer to the merits, in justice’s court, is a waiver of, and cures whatever defects there may have been in the citation, or in the service thereof. [W. & W. Con. Rep. §§ 459, 685.]
§ 244. Appeal from justice’s court; matters of defense on. On appeal from justice’s court, the trial is de novo, and the defendant can only set up matters of defense which go to the merits of the action; that is, he cannot except to the citation, or the service thereof.
§ 245. Names of plaintiffs may be entered on docket. It was not error to permit the names of the individuals composing the plaintiff firm to be entered upon the docket in the county court, and to render the judgment in their favor. This was not pleading new matter in the suit, nor wag it adding new parties to the suit. The members of the firm were already parties plaintiff in the suit under their firm name, and no order of the court was required to make them such parties. The citation and judgment in the justice’s court described the plaintiffs by their firm name, F. H. Thomas & Co., without stating the names of the individuals who composed said firm. In the county court, appellant, for the first time, objected to the sufficiency of the citation upon this ground. The court permitted appellee’s counsel to state, and have entered upon the docket, the names of the individuals corn- *188 posing said firm, and judgment was rendered and entered in their favor.
June 7, 1884.
§ 246. Acceptor of draft; liability of. Thomas & Oo. drew drafts upon Fulton in favor of a third party. Fulton accepted the drafts, but failed to pay them, and’ Thomas & Oo. paid them, and brought this suit against Fulton as acceptor. Held, that Fulton was liable.
Affirmed.